Haluk Savci, Esq.
Mason Tender District Council of
Greater NY
520 8th Avenue, Suite 650
New York, N.Y. 10018
(212) 452-9407

Attorney for Plaintiffs

JUDGE CEDARBAUM

08 CV 2542

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
TRUSTEES FOR THE MASON TENDERS          :
DISTRICT COUNCIL WELFARE FUND,          :
PENSION FUND, ANNUITY FUND, and         :
TRAINING PROGRAM FUND                   :
                                        :
                                        :
                                        :   **Complaint**
            and                         :   Civil Action
                                        :   No. –
ROBERT BONANZA, as Business Manager     :
of the MASON TENDERS DISTRICT COUNCIL   :   ECF CASE
OF GREATER NEW YORK,                    :
                    Plaintiffs,         :
                                        :
        -against-                       :
                                        :
SOLOMON OLIVER MECHANICAL               :
CONSTRUCTION CORP. and SOLOMON          :
OLIVER, a person.                       :
            Defendants.                 :
--------------------------------------------------------------x

The TRUSTEES OF THE MASON TENDERS DISTRICT COUNCIL WELFARE

FUND, PENSION FUND, ANNUITY FUND and TRAINING PROGRAM FUND (hereinafter"

the MTDC Fringe Benefit Funds" or "the Funds"), with their principal place of business at 520

Eight Avenue, Suite 600, New York, New York 10018, and ROBERT BONANZA, as Business

Manager of the MASON TENDERS DISTRICT COUNCIL OF GREATER NEW YORK

(hereinafter referred to as the "Union" or "the MTDC") with their principal place of business at

520 Eight Avenue, Suite 650, New York, New York 10018, by and through their undersigned

counsel, for their complaint against SOLOMON OLIVER MECHANICAL CONSTRUCTION CORP. ("Solomon Oliver Corp." or the "Company"), with its principal place of business at 49 East 89th Street, Brooklyn, New York, and Solomon Oliver ("Oliver"), a person, allege as follows:

## INTRODUCTION

1. This is an action to confirm an arbitration award issued pursuant to arbitration procedures adopted by the trustees of employee fringe benefit funds regarding the collection of contributions from delinquent participating employers. The action is brought pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C § 185, Sections 502 and 515 of ERISA, 29 U.S.C. §§ 185, Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and Section 9 of the Federal Arbitration Act (the "Arbitration Act"), 9 U.S.C. § 9, for monetary and injunctive relief. This action arises from the failure of the defendant, Solomon Oliver Corp., to comply with an arbitration award and failure to make contributions to the MTDC Fringe Benefit Funds as required by ERISA, the applicable collective bargaining agreement ("CBA") between Solomon Oliver Corp. and the Union, the Amended and Restated Agreements and Declarations of Trust governing the Plans, and the Arbitration Procedures thereto.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, Section 301 of the LMRA, 29 U.S.C. § 185, Sections 502(a)(3), (e)(1) and (f) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), (e)(1) and (f) and 1145; and Section 9 of the Arbitration Act, 9 U.S.C. § 9.

3. Venue lies in this district pursuant to Section 301 of the LMRA, 29 U.S.C. §185 and Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2) because the Company transacts business in this judicial district and because the plaintiffs maintain their office in this judicial district. Venue

also lies in this judicial district under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to this action occurred in this judicial district, including the arbitration hearing.

STATEMENT OF FACTS

The Parties

4. Plaintiffs are the Trustees of the Mason Tenders District Council Welfare, Annuity, Pension and Training Program Funds. These Funds are "employee benefit plan[s]" as defined in Section 3(3) of ERISA, 29 U.S.C. §1002(3) and "multiemployer plan[s]" within the meaning of Section 3 (37)(A) of ERISA, 29 U.S.C. §§ 1002(37)(A). Each Fund is established and maintained pursuant to an Amended and Restated Agreement and Declaration of Trust (the "Benefit Plan Trust Agreement" and the "Pension Fund Trust Agreement", collectively, the "Trust Agreements"). The Plans are each jointly administered by a Board of Trustees made up of union and employer representatives pursuant to the requirements of Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. §186(c)(5). The Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 USC § 1132(d)(1)). The purpose of the Funds, among other things, is to provide fringe benefit to eligible employees on whose behalf employers contribute to the Funds pursuant to collective bargaining agreements between employers in the building and construction industry and the union. The Funds maintain their principal place of business at 520 8th Avenue, New York, NY 10018. The union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 USC § 185) which represents employers in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 USC § 142) and Section 3(4) of ERISA (29 U.S.C. § 1002(4)). The union maintains its principal place of business at 520 8th Avenue, Suite 650, New York, NY 10018.

5.     Plaintiff Robert Bonanza is the Business Manager of the union and brings this action for dues and contributions in his representative capacity pursuant to Section 12 of the General Associations Law of the State of New York.

6.     Upon information and belief, Solomon Oliver Corp. is, and at all times relevant to this action has been, a corporation organized and existing under the laws of the State of New York. It maintains its principal place of business at 49 East 89th Street, Brooklyn, New York. At all times relevant to this action, Solomon Oliver Corp. was an "employer" within the meaning of Section 101(2) of the LMRA, 29 U.S.C. §152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

7.     The CBA and the Trust Agreements are plan documents within the meaning of Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §1132(a)(3) and 1145.

8.     The Funds are third-party beneficiaries of the collective bargaining agreements between Solomon Oliver Corp. and the MTDC that require contributions to be made to the Plans.

9.     Upon information and belief, Oliver is the owner and principal officer of Solomon Oliver Corp. and has been acting in its interest. Defendant Oliver executed on behalf of the corporation and individually the Agreement with the Union, wherein *inter alia*, said defendant became obligated to pay all obligations of the company and/or submit the required monetary contributions to the Funds and remit dues check-offs and PAC contributions deducted from the wages of paid employees who authorize said deductions in writing to the Union, according to the Agreement, for all work performed by Solomon Oliver Corp.'s employees within the trade and geographical jurisdictions of the Union. Based upon the foregoing facts, said defendant is an employer within the meaning of sections 3(5) and 515 of ERISA, 29 U.S.C. The CBA and the Trust Agreements are plan documents within the meaning of Sections 502(a)(3) and 515 of

ERISA, 29 U.S.C. §§1002(5) and 1145, and Oliver is an employer affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. §185) and is party to the CBA. Oliver is sued in this action in his individual and official capacities.

## THE COLLECTIVE BARGAINING AGREEMENT

10. Solomon Oliver Corp. is a party to a CBA with the Mason Tenders District Council effective from June 1, 2002 through June 30, 2005 which, according to its terms, renewed annually unless otherwise terminated.

11. The CBA establishes the terms and conditions of employment for all bargaining unit employees at Solomon Oliver Corp..

12. The CBA requires Solomon Oliver Corp. to pay contributions to the Funds for all employees covered by the CBA at the rates set forth therein. In addition to contributions owed the Funds at the rate set forth therein, pursuant to the CBA, the Funds have been designated as the authorized collection agent for contributions due to the New York State Laborers Employer Cooperation and Education Trust Fund, New York Laborers Health and Safety Trust Fund and Greater New York Laborers – Employers Cooperation and Education Trust Fund. The Funds pursuant to the CBA are also designated as the authorized collection agent for the Mason Tenders District Council and Mason Tenders District Council Political Action Committee for dues and contributions respectively which are voluntarily authorized by employees on forms provided for that purpose by the Union.

13. The CBA requires the contributions owed to the Plans to be paid weekly for all hours worked by employees covered under the agreement.

14. The CBA permits the Trustees of the Plans to take any legal action for the purpose of collecting the delinquency form the employer.

15. The CBA further provides that in the event legal action is taken, the Employer is responsible for:

   a. unpaid contributions;

   b. interest on unpaid contributions determined by using the rate prescribed under section 6621 of Tile 26 of the United States Code;

   c. an amount equal to the aforesaid interest on the unpaid contributions as and for liquidated damages;

   d. reasonable attorneys' fees and costs of the action;

   e. such other legal or equitable relief as the court deems appropriate.

16. The CBA further provides that the Employer agrees to and shall be bound by all terms and conditions of the Trust Agreements, regulations or By-Laws adopted by the Funds' Trustees and any amendments to Trust Fund Agreements.

## THE TRUST AGREEMENTS

17. Solomon Oliver Corp. is an "Employer" as defined by the Trust Agreements. Solomon Oliver Corp. is bound to the terms and provisions of the Trust Agreements, the Company's contributions to the Plans, and acceptance of the Plans' coverage for its employees. The Trust Agreements require that participating employers, such as Solomon Oliver Corp., pay contributions monthly no later than the due dates set forth in the CBA and in all instances no later than the fifteenth (15th) day of the month following the month for which they are due as provided in the CBA.

18. The Trust Agreement further provides the Trustees have the power to demand, collect and receive Employer contributions and are authorized to take steps, including the institution of

6

legal or administrative proceedings, to collect delinquent contributions including initiating arbitration proceedings against delinquent employers.

19. In addition, pursuant to the Trust agreements, in any legal action for unpaid contributions commenced by the Trust Fund, the Employer shall pay to the Funds all unpaid contributions due and payable, interest on such unpaid contributions, interest on the unpaid contributions as and for liquidated damages and all attorney's fees and costs of the action.

20. Under duly adopted amendments to the Trust Agreements for the Welfare, Pension, and Annuity Funds, if an Employer becomes delinquent in the payment of contributions to the Funds, the Trustees have the option of commencing proceeding to enforce the Employer's obligations through arbitration before one of a panel of three designated arbitrators.

## THE ARBITRATION AND AWARD

21. On October 9, 2006, the Funds and MTDC forwarded Solomon Oliver Corp. by certified mail a demand and intent to conduct an arbitration before Arbitrator Robert Herzog for delinquent fringe benefit contributions and other contributions owed for the period March 5, 2003 through January 20, 2006 based upon an audit conducted by an independent auditor. Arbitrator Herzog subsequently gave notice to the Funds and Solomon Oliver Corp. he would conduct a hearing on December 6, 2006.

22. The hearing was duly conducted on December 6, 2006. Oliver attended the arbitration on behalf of Solomon Oliver and admitted that the company owed payments for May and June 2006 which were documented in remittance reports submitted to the Funds without payment. The Funds orally amended its arbitration demand seeking payment for contributions and other monies owed for this additional period (May and June 2006). Oliver requested more time to come up with monies owed the Funds and requested an adjournment of the hearing which Arbitrator

Herzog granted. Neither Solomon Oliver Corp. nor Oliver made any payments towards the balance owed. Arbitrator Herzog subsequently notified both parties that he would reconvene the hearing on February 8, 2007. The hearing was conducted on February 8, 2007. No representative appeared on behalf of Solomon Oliver Corp. The Funds presented evidence of delinquent amounts owed by Solomon Oliver Corp. including an audit report documenting contributions owed for 2003 and remittance reports submitted by Solomon Oliver Corp. for May and June, 2006. After hearing all evidence presented, the Arbitrator forwarded to the parties on March 15, 2007 an Opinion and Default award.

23.  Arbitrator Herzog's Consent Award found in favor of the Plaintiffs, awarding the $26,053.10 as follows:

| | |
|---|---|
| Principal due (3/5/03-1/20/06) | $9,155.92 |
| Interest (3/5/03-1/20/06) | 2,575.87 |
| Dues and PAC Due (3/5/03-1/20/06) | 711.60 in principal fringe benefits due; |
| Liquidated Damages (3/5/03-1/20/06) | 2,302.42 |
| Principal Due (5/1/06-6/30/06) | 2,684.16 |
| Interest (5/1/06-6/30/06) | 114.33 |
| Dues and PAC due (5/1/06-6/30/06) | 208.80 |
| Legal Costs and Fees | 5,000.00 |
| Audit Costs | 1,100.00 |
| Arbitration Costs | 2,200.00 |

The Arbitrator further awarded the Funds interest in the total award at the rate of 8 (eight) percent per annum

24. Following the issuance of the Opinion and Default Award, the Solomon Oliver Corp. on or around April 25, 2007 made payments to Funds towards the Award totaling $11,767.62. At the time the payments were made, Oliver requested the Funds delay enforcing the award in order to give the Company more time to pay the remaining balance owed. Neither the Defendant Corporation nor Oliver made any subsequent payments towards the award balance.

## FIRST CAUSE OF ACTION

25. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 24 above. Section 9 of the Federal Arbitration Act, 9 U.S.C. §9, provides, in relevant part, "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to arbitration…then at any time within one year after the award is made any party to the arbitration may apply to the court…for an order confirming the award."

26. Plaintiffs have demanded payment of the sums found to be due under the March 15, 2007 Opinion and Award and Solomon Oliver Corp. has failed to pay $14,285.48 of this award plus accrued interest.

27. Plaintiffs now timely seek to confirm the Award, and to render the Award a judgment because of the Company's failure to make full payment directed by the Award.

## SECOND CAUSE OF ACTION

Plaintiffs repeat and re-allege the allegation set forth in paragraphs 1 through 27 above.

28. Section 515 of ERISA, 29 U.S.C. §1145, requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement…[to] make such contributions in accordance with the terms and conditions of such plan or such agreement".

Case 1:08-cv-02542-MGC   Document 1   Filed 03/13/2008   Page 10 of 12

29. Section 502(g)(2) of ERISA, 29 U.S.C. §1132, requires that in any action by a fiduciary to enforce Section 515 of ERISA in which judgment is awarded in favor of the plan, "the court shall award the plan-

   a. the unpaid contributions;

   b. interest on the unpaid contributions;

   c. an amount equal to the greater of interest on the unpaid contributions, or liquidated damages provided for under the plan in an amount not in excess of 20 percent…of the amount determined by the court under subparagraph (a);

   d. reasonable attorneys' fees and costs of the action, to be paid by the defendant, and

   e. such other legal or equitable relief as the court deems appropriate."

30. Defendants' failure to remit contributions to the Funds for the period March 5, 2003 through May 30, 2006, as well as Defendants' failure to pay interest, liquidated damages, attorneys' fees and costs and the arbitrator's fee constitutes a breach of the terms of the CBA and the Plans' Trust Agreements and a violation of Section 515 of ERISA.

31. As a result of this failure, Defendants' owe the Plaintiffs $14,285.48 for unpaid contributions, interest, liquidated damages, attorneys fees and costs and the arbitrator's fees, plus interest at the rate of eight percent (8%) per annum from March 15, 2007 until the date payment is received.

## THIRD CAUSE OF ACTION

10

Plaintiffs repeat and re-allege the allegation set forth in paragraphs 1 through 31 above, as though set forth in full herein.

32. By failing to abide by the terms of the Award, Defendant Solomon Oliver Corp. its obligations under the labor agreement in violation of LMRA Section 301, 29 U.S.C. Section 185.

33. As a result of this failure, Defendant Solomon Oliver Corp. is liable to the Plaintiffs under the Arbitration Award and Plaintiff seeks timely confirmation and enforcement of the Arbitration Award (minus payments made to date) for unpaid contributions, interest, liquidated damages, attorneys fees and costs and the arbitrator's fees, plus interest on the total award amount at the rate of eight percent (8 %) per annum.

## FOURTH CAUSE OF ACTION

Plaintiffs restate and re-allege the allegations set forth in paragraphs 1 to 33 of the Complaint, as though set forth in full herein.

34. As the individual who signed the collective bargaining agreement on behalf of Solomon Oliver Corp. agreeing to be personally bound by and assume all obligations of the Employer provided in the agreement, Solomon Oliver in his personal and individual capacity is jointly and severally liable to the Plaintiffs for the obligations of the Defendant including the Arbitration Award which awards Plaintiffs for unpaid contributions, interest, liquidated damages, attorneys fees and costs; and the arbitrator's fees, plus interest on the total award amount at the rate of eight percent (8 %) per annum minus payments received to date.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray that the Court enter a judgment:

a. Declaring that Defendants are required to pay the Plaintiffs the unpaid Benefit Fund contributions for the period March 5, 2003 to May 30, 2006, interest on the unpaid contributions, and reasonable attorney's fees and other costs incurred in this action; and

b. Confirming and entering judgment upon the Award of Arbitrator Robert Herzog, forwarded March 15, 2007, in all respects; and

c. Ordering Defendants to pay the Plaintiffs the unpaid Benefit Fund contributions for the period March 5, 2003 to May 30, 2006, interest on the unpaid contributions, and reasonable attorney's fees and other costs incurred in this action as the CBA, the Plans' Trust Agreements and Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2) and Arbitrator Herzog's Award; and

d. Granting such other further legal and equitable relief as this Court may deem just and proper

Dated: March 13, 2008

By: _____

Haluk Savci, Esq. (HS-0853)
Mason Tender District Council
520 8th Avenue, Suite 650
New York, N.Y. 10018
(212) 452-9407
hsavci@masontenders.org

Attorney for the Plaintiffs